## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MR. PAVEL KISLYAK,** | ) | **CASE NO. 4:11CV3227** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **L.R.C., and AMBER, Security Specialist,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on December 16, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on December 16, 2011, against the Lincoln Regional Center ("LRC") and Security Specialist "Amber." (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined at the LRC in Lincoln, Nebraska. (*See* Docket Sheet.)

Plaintiff's handwritten Complaint is difficult to decipher. Liberally construed, Plaintiff alleges that Defendants are not providing him with an adequate diet. (*Id*. at CM/ECF pp. 2-4.) Plaintiff states that Defendants refuse to provide him with a normal size portion of "fresh/raw" fruits and vegetables and that he throws the cooked food he receives in the trash. (*Id*. at CM/ECF pp. 1-3) Plaintiff states that he has been forced to trade food items (e.g. rolls) for other patients' fruit in order to maintain a healthy diet. (*Id*. at CM/ECF p. 2.) Plaintiff is not receiving "proper calories" and feels very exhausted. (*Id*. at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III. DISCUSSION OF CLAIMS

As an involuntarily committed individual, Plaintiff's "confinement is subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz,* 382 F.3d 870, 874 (8th Cir. 2004). However, because an involuntarily committed individual is confined for treatment rather than incarcerated for the purpose of punishment following conviction,

2

the Eighth Amendment does not apply. *Id.* at 875. The rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 324-25 (1982). Recognizing that Plaintiff's rights may arise under the Fourteenth Amendment, and that Plaintiff is currently confined at the LRC, the court will analyze his allegations as if he were a prisoner with standing to make an Eighth Amendment claim. *See, e.g., Revels*, 382 F.3d at 874, (analyzing involuntarily committed individual's claim as if he were a prisoner with standing to make an Eighth Amendment claim).

"The Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008), (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). However, a prisoner asserting a violation of his Eighth Amendment rights must show that a defendant acted with "deliberate indifference." *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). This deliberate indifference standard has both "an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "The subjective component of deliberate indifference requires proof that [a defendant] actually knew of and recklessly disregarded a substantial risk of serious harm." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006), (citation omitted). In order for Plaintiff to show that Defendants were deliberately indifferent to his dietary needs, Plaintiff must allege that the food Defendants served him was nutritionally inadequate or prepared in a manner presenting an immediate

3

danger to his health, or that his health suffered as a result of the food. *See Heffernan v. Harris*, 419 Fed. App'x. 706 (8th Cir. 2011), (citing *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)).

Here, Plaintiff states that Defendants refuse to provide him with a normal size portion of "fresh/raw" fruits and vegetables and that he throws the cooked food he receives in the trash. (Filing No. 1 at CM/ECF pp. 3.) This allegation, standing alone, is insufficient to establish that Defendants were deliberately indifferent to Plaintiff's dietary needs. *See, e.g.*, *Burgin v. Nix*, 899 F.2d 733, 734–35 (8th Cir. 1990), (concluding inmates do not have a right to be served a particular type of food); *Slice v. Lappin*, No. C 09-3253 PJH (PR), 2010 WL 965518, at *4 n.1 (N.D. Cal. Mar. 17, 2010), (concluding plaintiff's allegations that meals did not contain enough fresh fruit and vegetables were insufficient to state a claim; recognizing that the USDA's recommendations for daily fruit and vegetable consumption do not require that those items be fresh, but rather specifically state that they may be fresh, frozen, canned, or dehydrated). Plaintiff also alleges he is not receiving "proper calories" and that he feels very exhausted. (Filing No. 1 at CM/ECF p. 3.) However, Plaintiff may not be receiving "proper calories" because he is choosing not to eat the meals provided. Indeed, Plaintiff states that he throws the cooked food he receives into the trash. (*Id.* at CM/ECF p. 1.) In light of this, Plaintiff's allegations do not nudge his dietary needs claim across the line from conceivable to plausible.

However, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint that clearly alleges facts sufficient to state that Defendants are deliberately indifferent to his dietary needs. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations, including a specific

claim for relief. Failure to consolidate all claims into one document may result in the abandonment of claims.

    IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **April 4, 2012**, to file an amended complaint in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims will be dismissed without further notice;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "Check for amended complaint on **April 4, 2012**;" and

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 5th day of March, 2012.

                BY THE COURT:

                s/Laurie Smith Camp
                Chief United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.